# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1877V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * *<br>GARY ZEGARELLI,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent.<br>* * * * * * * * * * * * * * * * * * * * * * * * * * | Special Master Katherine E. Oler<br><br>Filed: February 22, 2022 |

## ORDER

  On December 11, 2019, Gary Zegarelli ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program,[1] alleging that he suffered from Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccine he received on September 17, 2018. Pet. at 1, ECF No. 1. Petitioner filed some supporting medical records on that same date. Petitioner filed a statement of completion on December 13, 2019. ECF No. 7. Petitioner filed further medical records on May 7, 2020, and June 9, 2020. ECF Nos. 12, 15. Petitioner filed an amended statement of completion on June 23, 2020. ECF No. 16.

  On September 25, 2020, Respondent filed his Rule 4(c) report, indicating he believed that this case was "not appropriate for compensation under the Act." Resp't.'s Rep. at 2, ECF. No. 20. In particular, Respondent noted that Petitioner developed symptoms of GBS within 24 hours of his flu shot and this onset interval precludes Petitioner from establishing a presumptive GBS Table injury. *Id.* at 7. Respondent further contended that Petitioner's condition was not caused in fact by the flu vaccine. *Id.* at 7-8.

  On January 15, 2021, Chief Special Master Brian Corcoran issued an Order to Show Cause, ordering Petitioner to either file an amended complaint or to show cause as to why his Table claim should not be dismissed. *See* Order to Show Cause, ECF No. 24 at 2.

---

[1] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

On February 16, 2021, Petitioner filed an amended petition, removing his Table claims, and alleging that the flu vaccine he received on September 17, 2018 caused-in-fact his GBS. Am. Pet. at 2, ECF No. 25.

On March 22, 2021, Chief Special Master Corcoran held a status conference in this case. ECF No. 26. Petitioner was ordered to file a brief "responding to the show cause order for why this claim should not be dismissed" and addressing "the records indicating onset of [Petitioner's] neurological symptoms began less than 24 hours after his flu vaccination, and whether those records should not be treated as suggestive of an early onset." *Id.* at 2.

Petitioner filed additional medical records on June 1, 2021, June 2, 2021, and June 7, 2021. ECF Nos. 29-31. Petitioner filed a response to the Order to Show Cause on June 8, 2021. ECF No. 32.

Special Master Corcoran issued a decision on September 30, 2021, dismissing Petitioner's Table claim and reassigning the case outside of the SPU. ECF No. 33.

This case was assigned to my chambers on September 30, 2021. ECF No. 34. I held a status conference on October 8, 2021. ECF No. 35. At this status conference, Ms. Myers stated that Petitioner would like to make a settlement offer to Respondent. *Id.* Ms. Murphy stated that, although she did not believe her client would be inclined to settle the case, she would convey the offer. *Id.*

On December 7, 2021, the parties filed a joint status report indicating that Respondent was not willing to pursue settlement negotiations. ECF No. 37. I held a second status conference in this case on December 13, 2021. ECF No. 38.

At the status conference, I explained to Ms. Meyers that given the extremely short interval between Petitioner's flu shot and the onset of his symptoms (fewer than twelve hours), and based upon the current evidence, I did not believe that her client would be able to prove by a preponderance of the evidence that he was entitled to compensation. I stated that in my view, Petitioner's case was hampered by two significant hurdles: 1) the extremely short interval between Petitioner's flu shot and the onset of symptoms, and 2) Petitioner's surgery on September 6, 2018 as a potential alternative cause of his GBS. I therefore recommended to Ms. Myers that she speak to her client about dismissing his case. I also noted for the parties that the case in its current posture met the standard for reasonable basis. While a case can lose reasonable basis, I explained to the parties I did not believe the case was currently at the point where the issue of reasonable basis required discussion.

On February 22, 2022, Petitioner filed a motion for a decision dismissing his Petition. ECF No. 40. Petitioner indicated "As grounds for his motion, Petitioner incorporates Special Master Oler's Order dated December 13, 2021 in which she referenced the short interval between Petitioner's vaccination and onset of symptoms as well as Petitioner's surgery on September 6, 2018 as a potential alternative cause of his GBS. Accordingly, given the obstacles to a recovery and Special Master Oler's recommendation, Petitioner respectfully requests a Decision dismissing

2

his Petition." Pet'r's Mot. at 1. Petitioner also indicated that he intends to reject the judgment and file a civil action. *Id.*

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed. § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

3